IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLAVIN IVY,                                )
                                           )
                    Petitioner,            )
                                           )        Case No. 1:23-cv-69
             v.                            )
                                           )
SUPERINTENDENT SCI-FOREST,                 )
et al.,                                    )
                                           )
                    Respondents.           )

## <u>MEMORANDUM ORDER</u>

In this civil action, Petitioner Glavin Ivy seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He is currently serving an aggregate sentence of 19 to 60 years' imprisonment, following his conviction for kidnapping, rape, and related charges.  Ivy's petition has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for a Report and Recommendation ("R&R"), in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

In the course of briefing his petition, Ivy sought to compel the Commonwealth to supplement the record with various exhibits that were pertinent to his state court criminal proceedings -- specifically, his pretrial Rule 404(b) hearing, his criminal jury trial, and his Post-Conviction Relief Act hearing.  ECF No. 25. Judge Lanzillo granted Ivy's motion to compel supplementation, ECF No. 26, and the Commonwealth complied with that order by filing over one hundred exhibits, along with several "itemized" exhibit lists, all of which are docketed as part of ECF No. 31.  It appears that, as of September 6, 2024, the evidentiary record was closed, after Ivy himself supplemented the record with certain exhibits.  *See* ECF No. 42.

1

On February 17, 2026, Judge Lanzillo filed an R&R in which he recommended that Ivy's petition be denied. ECF No. 43. Ivy's objections to the R&R were originally due by March 6, 2026, but the Court extended that deadline twice to the current deadline of May 15, 2026, due to the complexity of this case and the limitations that SCI-Forest had imposed on inmate library time. *See* ECF Nos. 44, 45, 46, 47.

Ivy has recently filed his third motion for an extension of time to file objections. ECF No. 50. He has also filed a "Motion for a Court Order Directing the Respondents to Identify Exhibits at ECF Doc. 31." *See* ECF No. 48. In the latter motion, Ivy notes that the Government's filing at ECF No. 31 references an "itemized list" of each exhibit utilized in the various stages of his criminal case; but he claims he "was never served with the exhibits attached to ECF No. 31, nor provided an itemized list identifying which pre-trial, trial, and posttrial exhibits correspond with the 115 exhibits attached to ECF Doc. 31." ECF No. 48, ¶2. Ivy states that, while he does not need copies of the attached exhibits, he does need to know what the attached exhibits are, so that he can direct the Court's attention to the appropriate documents that support his claims for relief when preparing his objections to the R&R. Ivy cites this unresolved complication as one basis for his most recent motion for an extension of the objections deadline.

From the Court's own review of ECF No. 31, it appears that Respondents have filed, at ECF No. 31-1, an itemized list of exhibits pertaining to Ivy's Rule 404(b) hearing. Items 1 through 22 are filed at ECF Nos. 31-2 through 31-23. Respondents did not file Item 23 because this item consists of various Facebook messages that were apparently already filed elsewhere in the record. Respondents have filed, at ECF No. 31-24, an itemized list of exhibits pertaining to Ivy's hearing under the Post-Conviction Relief Act. Ivy's PCRA exhibits are filed at ECF Nos. 31-25 through 31-68. Finally, Respondents have filed, at ECF No. 31-69, a handwritten list of

trial exhibits, which are filed at ECF Nos. 70 through 115. The Court nevertheless observes that the identification of exhibits is not a straightforward exercise, some exhibits appear out of order, others are not filed of record, and one cannot discern from the face of the docket which evidentiary items are filed under a particular ECF number.

Given these circumstances and Ivy's representation that he has not been served with the exhibit lists or the actual exhibits filed at ECF No. 31, IT IS ORDERED that Petitioner's Motion for a Court Order Directing the Respondents to Identify Exhibits (ECF No. [48]) is GRANTED. To that end, **Respondents are directed to do one of the following, <u>on or before June 10, 2026</u>**: (1) provide Petitioner the various lists of exhibits filed at ECF No. 31, identifying therein which documents or exhibits entered in the state court record correspond to the 112 exhibits filed at ECF No. 31-2 through 31-115; or (2) provide Petitioner the various exhibit lists along with all exhibits filed at ECF No. 31, ensuring that the ECF filing numbers are displayed in the header of each document, so that Petitioner can reference them by the appropriate ECF filing number in his objections. **Respondents shall certify their compliance with this <u>order on or before the June 10, 2026 deadline</u> referenced above.**

IT IS FURTHER ORDERED that, Petitioner having demonstrated good cause for an additional extension of the objections deadline, his Motion for an Extension of Time (ECF No. [50]) is GRANTED. **Petitioner's objections to the R&R are now due <u>on or before July 1, 2026</u>.** As the Chief Magistrate Judge's R&R has now been pending for several months, this Court is disinclined to grant any further extension of the objections deadline, and Petitioner is so advised.

SO ORDERED this 29ᵗʰ day of May, 2026.

3

SUSAN PARADISE BAXTER
United States District Judge